UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALIESKY ALVAREZ SANCHEZ,

      Petitioner,

v.                                        Case No. 2:26-cv-812-JES-NPM

WARDEN, GLADES COUNTY DETENTION
CENTER; TODD M. LYONS, ACTING
DIRECTOR OF U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT; PAMELA
BONDI, ATTORNEY GENERAL OF THE
UNITED STATES; U.S. ATTORNEY FOR
THE MIDDLE DISTRICT OF FLORIDA;

      Respondents.
_____

## OPINION AND ORDER

This matter comes before the court on an Emergency Motion to Enforce Judgment and for Immediate Release (Doc. 11) filed on April 27, 2026, by Aliesky Alvarez Sanchez (Petitioner). On April 28, 2026, Respondents filed their Response (Doc. 12) to the Emergency Motion. On April 29, 2026, the Court heard oral arguments from counsel for the respective parties via a Zoom proceeding. Counsel for both sides agree that the Court need not obtain a transcript of the immigration proceeding before ruling on the motion.

On April 15, 2026, the Court ordered Respondents to "**either** bring Alvarez Sanchez before an immigration judge for a merit-based § 1226 bond hearing or release him within ten days." (Doc. 9, p. 6) (emphasis in original). On April 21, 2026, petitioner was brought before Immigration Judge Stuart A. Siegel for the hearing. Counsel for the Petitioner, who was present for the hearing, reported that Judge Siegel began by announcing that he did not have jurisdiction to release Petitioner on bond, but provided Petitioner's counsel with the opportunity to present his bond-related evidence. Counsel declined to do so because of the obvious futility.

On April 21, 2026, Judge Siegel issued an Order of the Immigration Judge (Doc. 11-1) denying Petitioner's request for a change in custody status. Judge Siegel began his Order by noting that the matter was before him pursuant to the Habeas Corpus Order issued by the United States District Court. Judge Siegel stated that Petitioner "is an arriving alien and is ineligible for bond." (Id. at p. 2.) Judge Siegel then stated: "This issue was neither presented to nor addressed by the U.S. District court in the habeas proceedings." (Id.) Most of the remainder of the Order discusses why Petitioner is not eligible for a bond. An additional paragraph states that "[t]he court has conducted an individualized bond

2

hearing pursuant to the Habeas Order entered by the US District Court, and has considered the Respondent's motion for bond." (Id. at p. 3).  The rest of this paragraph notes that Petitioner has not submitted any documents to address the bond factors, and re-states that he lacks authority to set conditions of bond.  (Id.).

Judge Siegel's premise that the "[arriving alien] issue was neither presented to nor addressed by the U.S. District court in the habeas proceedings" is simply incorrect.  In their Response in Opposition To Petition for Writ of Habeas Corpus, Respondents argued: "Although Respondents argue that Sanchez is an arriving alien subject to detention under § 1225, the undersigned is cognizant that this Court disagrees."  (Doc. 6, p. 5) (citations omitted).  The District Court Order continued to reject that argument by ordering the bond hearing.  At oral argument, Respondents' counsel conceded that Judge Siegel had simply made a mistake as to this aspect of the case's history.

As a result, the Court finds that Petitioner has not had a merit-based bond hearing.  At oral argument, Petitioner's counsel assured the Court that he did in fact have evidence to present to the Immigration Court related to bond.  While Petitioner's counsel seeks immediate release of Petitioner pursuant to the Court's original Order directing a merits-based bond hearing within ten

3

days or release, the Court finds that under the circumstances of *this case* immediate release is not appropriate.  Rather, the Court finds that the appropriate remedy is to direct the Immigration Court to conduct a merits-based bond hearing within a certain time period, the absence of which will result in immediate release of Petitioner.

Accordingly, it is now

**ORDERED:**

Petitioner's Emergency Motion to Enforce Judgment and for Immediate Release (Doc. 11) is **GRANTED.**  Respondents will cause a merits-based bond hearing to be held in the Immigration Court on or before **May 8, 2026.**  If such a hearing is not held within that time period, Respondents shall release Aliesky Alvarez Sanchez **within 24 hours** of the May 8, 2026 deadline, and they shall facilitate his transportation from the detention facility by allowing him telephone access to notify counsel and his family of when and where he can be collected.

**DONE AND ORDERED** in Fort Myers, Florida on April 30, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4